# COPY

1  A. ERIC BJORGUM (SBN 198392)
   MARC A. KARISH (SBN 205440)
2  KARISH & BJORGUM, PC
   510 W. 6TH St., Suite 308
3  Los Angeles, California  90014
   Telephone (213) 785-8070
4  Fax (213) 995-5010

5  Attorneys for Plaintiff,
6  DR. LILLIAN GLASS

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DR. LILLIAN GLASS,              ) Case No.
                                   )
12                                 ) CV09-8570 MMM (SHx)
        Plaintiff,                 )
13                                 )
                                   ) COMPLAINT FOR COPYRIGHT
14      v.                         ) INFRINGEMENT; FALSE
                                   ) DESIGNATION OF ORIGIN;
15                                 ) COMMON LAW TRADEMARK
   MARSHA PETRIE SUE; JOHN         ) INFRINGEMENT; STATUTORY
16 WILEY & SONS, INC.; SIX         ) UNFAIR COMPEITION; COMMON
   VOICES, LLC; and DOES 1 though  ) LAW UNFAIR COMPETITION
17 10, inclusive,                  )
                                   ) DEMAND FOR JURY TRIAL
18      Defendants.                )
                                   )
19 _____  )

20

21

22

23

24

25

26

27

28

                          1

COMES NOW, PLAINTIFF DR. LILLIAN GLASS ("Glass" or "Plaintiff") and complains of and alleges the following:

## INTRODUCTION AND OVERVIEW

1.     This case involves claims of copyright infringement, false designation of origin and unfair competition.  Plaintiff Dr. Lillian Glass is a expert on communication skills, body language and self-improvement.  She frequently appears in the mainstream media on popular television shows and in magazines.  She has written 15 books, most of which are now on tape.  One of her most well-received and popular books is "Toxic People," published in 1995.  "Toxic People" was the culmination of years of work and research by Plaintiff, and she has used "Toxic People" not just as a book title, but in connection with audio tapes, CD's, audio downloads, DVDs, lectures, presentations and written materials and personal consultations with clients.

2.     Defendant Marsha Petrie Sue ("Petrie Sue") has also published a book using the phrase "Toxic People" in the title.  Plaintiff alleges that Petrie Sue's book infringes on Plaintiff's copyrights and creates a false impression that Petrie Sue's book is associated with Plaintiff's goods and services.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1332.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4.     The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

2

5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6.      This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., the Lanham Act, 15 U.S.C. § 1051,  et seq., common law trademark infringement, and California Business and Professions Code § 17200.  Plaintiff seeks damages, attorneys' fees, preliminary and permanent injunctive relief and an accounting, and all other available relief.

## PARTIES
### Plaintiff

7.      Plaintiff Lillian Glass, PhD., is an individual residing in Los Angeles, California.  Plaintiff is a communication expert, body language expert and media psychologist who has written several popular books and frequently appears in the media.

### The Defendants

8.      Plaintiff is informed and believes and thereon alleges that Defendant Marsha Petrie Sue is an individual residing in Scottsdale, Arizona.  Plaintiff is informed and believes and based thereon alleges that Defendant Petrie Sue is in the business of providing self-help and business communication services and products via books, smart phone applications, printed materials, seminars and lectures delivered throughout the United States and abroad.  On information and belief, Defendant Petrie Sue has no formal training as a psychologist or communications specialist.

9.      Plaintiff is informed and believes and based thereon alleges that Defendant Six Voices is business entity of unknown form with its principal places of business in Grand Rapids, Michigan and Charlotte, North Carolina.  On information and belief, Six Voices is in the business of providing personal development and self-help-themed smart

phone programs throughout the United States via its website.  On information and belief, Six Voices has created and distributes an iPhone "app" called "Toxic People."

10.    Plaintiff is informed and believes and based thereon alleges that Defendant John Wiley & Sons, Inc. ("Wiley") is a New York Corporation with its principal place of business in Hoboken, New Jersey.  Wiley has published and distributed books into this District, including Defendant's book at issue in this matter.

11.    Plaintiff is informed and believes and based thereon alleges that Defendants DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold goods or services that misappropriated Plaintiff's "Toxic People" mark and wrongfully copied Plaintiff's expression.  The true names and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

12.    Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto, each of the Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

4

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 12 of this Complaint as if fully set forth herein.

14.    Plaintiff is a well-known author whose copyrighted works have been sold worldwide for over 20 years.  Plaintiff pioneered work on self-esteem, speech and body language that resulted in several books, including "Toxic People," "The Complete Idiots Guide To Understanding Men and Women," "I Know What You Are Thinking," "He Says, She Says," and "The Complete Idiot's Guide to Verbal Self Defense." Celebrities such as Sean Connery and Dustin Hoffman,  Marlee Matlin, Ben Vereen, Dolph Lundgren, Mickey Rourke, Melanie Griffith and others have used Plaintiff's services and endorsed her work.

15.    Plaintiff appears regularly on television.  She has appeared on, for instance, "Nancy Grace," "ABC's Dancing With the Stars," "Entertainment Tonight," "The Insider," "Access Hollywood," "Showbiz Tonight," "Prime News," "MSNBC News," "The Today Show," "The Early Show," "Fox News," "Chelsea Lately," "Headline News" and "Dr. Phil."   She has a monthly column in "Cosmopolitan Magazine," and has appeared in magazines such as "Life and Style," "Globe," "In Touch Weekly," "OK," "US Weekly,"  "First for Women," "Glamour," "People Magazine," and "Newsweek."

16.    Plaintiff began her career as a speech pathologist, obtaining a Masters Degree from the University of Michigan and a Ph.D. from the University of Minnesota at age 24.  Her doctoral dissertation on the psychosocial aspects of patients with craniofacial anomalies and speech in relation to these patients became a landmark study.  Through her work as a speech pathologist during the late 1970's and 1980's Plaintiff began to listen to her clients discuss personal problems as they worked on their

5

speech and voice issues.  Plaintiff's technique at the time was to ask her clients to discuss whatever they would like so that they could talk freely and work on speech and voice patterns.  Many clients began to talk about themselves.

17.    During these sessions, Plaintiff began to put together archetypical characters that many of her clients seemed to encounter again and again.  She created a taxonomy of personality types that she labeled "Toxic People."  Plaintiff found that once her clients began to understand their interactions with these difficult people, they were able to adjust their speech and voice patterns and body language and ultimately became more confident and self-reliant.

18.    As early as 1980, Plaintiff began using the phrase "Toxic People" to describe a set of personality types and a set of techniques for dealing with these personalities.  In 1980, Plaintiff obtained a Post Doctorate position in Medical Genetics at the UCLA School of Medicine.  She researched speech and hearing and psychosocial issues of patients with a variety of genetic diseases.  Dr. Glass' research has been published in dozens of journals including the "New England Journal of Medicine."  Plaintiff and a colleague also discovered a genetic syndrome called the Glass-Gorlin Syndrome.

19.    In 1995, Plaintiff published a book called "Toxic People: 10 Ways to Deal with People Who Make Your Life Miserable."  The hardcover was published by Simon & Schuster.  In 1997, St. Martins Press published a softcover version.  The book has been translated into ten languages.

20.    Soon, Plaintiff was called upon to deliver Toxic People lectures.  Plaintiff conducted Toxic People seminars.  She produced Toxic People handouts and materials at these lectures.  On the heels of "Toxic People," Plaintiff became a staple on daytime television in the mid to late 90's, appearing regularly on "The Rikki Lake Show," "The Geraldo Rivera Show," "The Montel Williams Show," "The Gordon Elliot Show,"

1   "Sally Jesse Raphael," "The Maury Povich Show," and "Inside Edition".   Plaintiff also

2   made appearances on the "Oprah Winfrey Show" and on "Larry King Live."

3       21.    Plaintiff went on to published six more books.  She remains a regular on

4   television.  Following below is just a sampling of Dr. Glass's media appearances in the

5   last month.  November 13, 2009: "Nancy Grace" Commentator; November 10, 2009:

6   "Fox News" Commentator on Ft. Hood suspect's body language; November 10, 2009:

7   "Dr. Phil Show" guest on lying; November 4: Commentator on "Headline News"."

8       22.    Dr. Glass's work on the "Toxic People" material has spawned books by

9   other authors.  Some of the books published in this area include: "Toxic Parents,"

10  "Toxic Workplace" and "Toxic Co-Workers."  She has even written another book in the

11  Toxic genre herself called "Toxic Men- Identify Deal With and Heal From Men Who

12  Make Your Life Miserable" which will be published in 2010 by Adams Media.  Dr.

13  Glass found the expansion of her Toxic People work to be flattering and affirming.

14  Indeed, Dr. Glass has received dozens of fan letters from people thanking her for

15
16  "Toxic People", including those from an entire cadre of fans in Poland.

17      23.    However, in late 2008, Dr. Glass became aware that Defendant Petrie Sue

18  had written a book called "Toxic People: Decontaminate Difficult People At Work."

19  Upon further inspection, Dr. Glass found the book contained many instances of exact,

20  verbatim copying from Dr. Glass's books, including "He Said, She Said" and "The

21  Complete Idiot's Guide to Understanding Men and Women," as well as significant

22  borrowing from "Toxic People", "Say It Right" and "The Complete Idiot's Guide to

23  Verbal Self Defense."  Dr. Glass obtained counsel and contacted the publisher of Petrie

24  Sue's book, Defendant Wiley.  Examples of verbatim copying are attached hereto as

25  Exhibit A.

26      24.    Several letters were exchanged between representatives for Dr. Glass and

27  Wiley, but the parties were unable to reach an agreement on how to deal with the

28  alleged infringement.   On information and belief, Defendant Petrie Sue denied ever

1    reading any of Plaintiff's books.  Eventually, Wiley attempted to extract a promise

2    from Dr. Glass that she would not sue Wiley for any claims regarding the books.  As

3    bait for that attempted agreement, Wiley promised to review Dr. Glass's book

4    proposals.

5        25.    However, on information and belief, Wiley's actions were not in good

6    faith, and, if an agreement was reached, it was not performed by Wiley.  For example,

7    on information and belief, Wiley never intended to consider Dr. Glass's book proposals.

8        26.    Wiley asked for numerous detailed proposals.  Dr. Glass visited Wiley's

9    offices in New Jersey and met with Wiley's business book editor (and Petrie Sue's),

10   Matthew Holt.  Mr. Holt expressed interest in one of Dr. Glass's ideas.  However, on

11   information and belief, Wiley never intended to genuinely consider Dr. Glass's ideas

12   but used that possibility to obtain a "confirming letter" that Dr. Glass would not assert a

13   copyright claim against Wiley.  Dr. Glass never signed a release of any claims, nor did

14   she waive Cal. Civ. Code Section 1542, which provides that any release of known

15   claims does not release unknown claims. Then Wiley abruptly declared in October,

16   2009 that it was not interested in any of Dr. Glass's proposals.

17

18       27.    Shortly thereafter, Wiley debuted the next book by Defendant Petrie Sue.

19   Promotion for that book identifies Petrie Sue as "the author of *Toxic People.*"  Wiley

20   knew or should have known that Dr. Glass is the author of "Toxic People" and holder of

21   trademark and related rights in that name because Wiley has actually marketed Dr.

22   Glass's books "I Know What You're Thinking" as being written by "the author of *Toxic*

23   *People*."

24       28.    On information and belief, Defendants have progressively encroached on

25   Dr. Glass's trademark and related rights in Toxic People.  For instance, on information

26   and belief, in 2001, Defendant Petrie Sue was using the phrase "Decontaminate Toxic

27   People!$^{TM}$" to describe a seminar.  In 2008, Petrie Sue's book was published with the

28   title "Toxic People:  Decontaminate Difficult People At Work Without Using Weapons

8

Or Duct Tape." Most recently, Petrie sue has been working with Defendant Six Voices to, on information and belief, create and distribute an iPhone app entitled "Toxic People." Each page of that app displays a small box reading only "Toxic People" and Petrie Sue is identified as the author of "Toxic People." A screen shot of Defendants "Toxic People" app are attached hereto as Exhibit B. On information and belief, approximately 500 copies of the Toxic People app are downloaded each day.

29.     Plaintiff has obtained copyright registrations on all of her works. True and correct copies of registration printouts from the Copyright Office's web page for "Toxic People," "He Says, She Says," and "The Complete Idiot's Guide to Understanding Men and Women," and "Say It Right are attached hereto as Exhibit C. These works are hereinafter referred to as "the Subject Works."

<u>**First Claim For Relief**</u>

**(Against Defendants Petrie Sue and Wiley for Copyright Infringement Pursuant to 17 U.S.C. § 501, et seq.)**

30.     Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 29 of this Complaint as if fully set forth herein.

31.     Plaintiff is informed and believes and based thereon alleges that Defendants Petrie Sue and Wiley, including all DOE Defendants, their customers and suppliers and each of them, had access to the Subject Works, including without limitation: (a) access through bookstores, including online bookstores such as Amazon.com; (b) access through television via Plaintiff's appearance on popular television shows; (c) access through the Internet; and (d) access through customers and/or suppliers.

32.     Attached hereto as Exhibit A is a sample comparison of some of the Subject Works and Defendant Petrie Sue's "Toxic People," published and distributed by Defendant Wiley. Additional copying of the Subject Works includes re-telling of

substantially similar anecdotes arranged a manner substantially similar to the Subject Works.

33.     Plaintiff is informed and believes, and based thereon alleges, Defendants Wiley and Petrie Sue, and each of them, wrongfully created copies of the copyrighted Subject Works without Plaintiff's consent and engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by distributing said copies with a false and misleading designation of creation, ownership and origin, and falsely representing that the Subject Works were their own.

34.     Plaintiff is informed and believes and based thereon alleges that Defendants Wiley and Petrie Sue, and each of them, further infringed Plaintiff's copyright by making derivative works from Plaintiff's copyrighted Subject Works, and/or by producing and distributing written materials incorporating those derivative works without Plaintiff's permission.  Defendants then engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by publicly claiming ownership rights in and to the derivative works based on the Subject Works that belong solely to Plaintiff.

35.     Plaintiff is informed and believes and based thereon alleges that Defendants Petrie Sue and Wiley, and each of them, if not directly liable for infringement of Plaintiff's copyright, are also liable for contributory copyright infringement because each Defendant knew or should have known of the direct infringement, had the right and ability to supervise the infringing conduct, and had an obvious and direct financial interest in the infringing conduct.

36.     Plaintiff is informed and believes and based thereon alleges that Defendants Petrie Sue and Wiley, and each of them, if not directly liable for infringement of Plaintiff's copyright, are also vicariously liable for the subject infringements because each Defendant enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity.

37.    Plaintiff is informed and believes and based thereon alleges that Defendants Petrie Sue and Wiley and each of them knew of Plaintiff's works, and, notwithstanding Plaintiff's demands that these Defendants cease and desist from their infringement, Defendants have willfully, intentionally and maliciously, and in conscious disregard for Plaintiff's rights, and only in furtherance of those Defendants' sole pecuniary interests, continued to manufacture and/or sell printed materials infringing on Plaintiffs' copyrights in the Subject Works.

38.    Defendants' acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large, as alleged above, have caused Plaintiff to suffer, and to continue to suffer, substantial damage to her business in the form of diversion of trade, loss of income and profits, and a dilution of the value of her rights.

39.    Further, as a direct result of the acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large alleged above, Defendants Petrie Sue and Wiley, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Works.  Plaintiff is entitled to disgorgement of each Defendant's profits directly and indirectly attributable to said Defendant's infringement of the Subject Works.

**SECOND CLAIM FOR RELIEF**
**(Against All Defendants For False Designation**
**Of Origin, 15 U.S.C. § 1125(a))**

40.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 29 of this Complaint as if fully set forth herein.

41.    Plaintiff has built considerable goodwill and public recognition in the "Toxic People" trademark and service mark.

42.    Plaintiff has never authorized or consented to the Defendants' use of Toxic People.  Defendants' use of Toxic People is likely to cause, confusion, mistake, and/or deception of others as to the origin, sponsorship, approval, affiliation, or association of Defendants' goods and services and Plaintiff's goods and services, in violation of the Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

43.    Defendant's use of Plaintiff's Toxic People marks has caused and will continue to cause damage to Plaintiff an amount to be proven at trial, and constitutes unfair competition and infringement of Plaintiff's marks in violation of 15 U.S.C. § 1125(a).

44.    Defendants' conduct has irreparably damaged and will continue to irreparably damage Plaintiff's market reputation, and goodwill, and may discourage current and potential customers from dealing Plaintiff.  Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

45.    Plaintiff is informed and believes and based thereon alleges that Defendants' acts alleged herein have been undertaken with full knowledge of Plaintiffs' rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the Plaintiff's Toxic People marks.

### THIRD CLAIM FOR RELIEF
**(Against all Defendants for
Common Law Trademark Infringement)**

46.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 to 29 of this Complaint as if fully set forth herein..

47.    The above-described acts of Defendants constitute common law trademark infringement.  Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which plaintiff has no adequate remedy at law.  Unless

12

1  defendants are restrained by this Court from continuing the acts alleged herein, these

2  injuries will continue to occur.

3      48.    On information and belief, the foregoing acts of the Defendants are

4  fraudulent, oppressive, willful and malicious in that they have been undertaken with a

5  conscious disregard of the plaintiff's rights and with a desire to injure the plaintiff's

6  business and to improve their own, and entitle Plaintiff to punitive or exemplary

7  damages.

8

9

                              **FOURTH CLAIM FOR RELIEF**
10                               **(Against All Defendants for**
11              **Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

12     49.    Plaintiff repeats, realleges and incorporates by reference in this paragraph

13  the allegations contained in paragraphs 1 to 29 of this Complaint as if fully set forth

14  herein.

15     50.    The above-described acts of defendants constitute unfair competition

16  within the meaning of California Business and Professions Code § 17200.  Such acts

17  have caused and will continue to cause irreparable and immediate injury to plaintiff for

18  which plaintiff has no adequate remedy at law.  Unless defendants are restrained by this

19  Court from continuing the acts alleged herein, these injuries will continue to occur.

20

                              **FIFTH CLAIM FOR RELIEF**
21                               **(Against All Defendants for**
22                           **Common Law Unfair Competition)**

23     51.    Plaintiff repeats, realleges and incorporates by reference in this paragraph

24  the allegations contained in paragraphs 1 to 29 of this Complaint as if fully set forth

25  herein.

26     52.    The above-described acts of Defendants constitute common law unfair

27  competition in that Defendants are passing off their goods as those of the Plaintiffs.

28  Such acts have caused and will continue to cause irreparable and immediate injury to

1  Plaintiff for which Plaintiff has no adequate remedy at law.  Unless Defendants are
2  restrained by this Court from continuing the acts alleged herein, these injuries will
3  continue to occur.

4      53.    On information and belief, the foregoing acts of the Defendants are willful
5  and malicious in that they have been undertaken with a conscious disregard of the
6  Plaintiff's rights and with a desire to injure the Plaintiff's business and to improve their
7  own, such that punitive or exemplary damages should be awarded against Defendant.

8
9                              **PRAYER FOR RELIEF**

10  WHEREFORE, Plaintiff prays for judgment as follows:

11      1.    For an order permanently enjoining the Defendants, their officers, agents,
12  employees, and those acting in concert or conspiracy with them from:

13      a.  Directly or indirectly manufacturing, producing, printing, distributing,
14  importing, trafficking in, selling, offering for sale, possessing, advertising, promoting or
15  displaying any products, including books, bearing any simulation, reproduction, copy
16  or colorable imitation of the Toxic People trademark and service mark;

17      b.  Directly or indirectly manufacturing, producing, printing, distributing,
18  importing, trafficking in, selling, offering for sale, possessing, advertising, promoting or
19  displaying any products, including books, bearing any simulation, reproduction, copy or
20  colorable imitation of Plaintiff's copyrighted works;

21      c.  Making any unauthorized use of  Toxic People in such a way as to cause
22  confusion, mistake or deception as to the affiliation, connection or association of the
23  Defendants with Plaintiff or as to the origin, sponsorship or approval of Defendants'
24  products or services;

25      d.  Otherwise infringing Plaintiff's rights in and to the Toxic People
26  trademark or service mark;

27
28

                                    14

e. For an order directing the Defendants to deliver for destruction all books, software and promotional items in their possession, or under their control, bearing or intended to bear the phrase Toxic People.

f. For an order directing the Defendants to deliver for destruction all books or printed material in their possession, or under their control, having any portion therein of Plaintiff's copyrighted works;

2. For a finding that the defendants' acts complained of herein were willful within the meaning of 15 U.S.C. § 1117(c)(2);

3. For a monetary award in an amount equal to (i) the Plaintiff's actual damages, including corrective advertising, and (ii) to the extent not included in Plaintiff's actual damages, the Defendants' profits arising from their acts complained of, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

4. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

5. For an award of costs under 15 U.S.C. § 1117(a);

6. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

7. For a finding that the Defendants' acts were undertaken, intentionally, maliciously and/or with a reckless and wanton disregard of the plaintiff's common law trademark rights and for an award of exemplary damages pursuant to California Civil Code section 3295 in an amount sufficient to punish, deter, and make an example of defendants for the acts complained of herein;

8. For an award of costs;

9. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

15

10.     That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

11.     That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

12.     That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: *November 20, 2009*

KARISH & BJORGUM, PC

By: _____

A. Eric Bjorgum
Attorneys for Plaintiff
DR. LILLIAN GLASS

16

1
2
**DEMAND FOR JURY TRIAL**
3
Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P.
4
38 and the Seventh Amendment of the Constitution.
5
6
Dated:  November 17, 2007                    KARISH & BJORGUM, PC
7
8
By:_____
9
A. Eric Bjorgum
10
Attorneys for Plaintiff
DR. LILLIAN GLASS
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17

EXHIBIT A

| MARSHA PETRIE SUE | DR. LILLIAN GLASS |
|---|---|
| **TOXIC PEOPLE**<br>**Decontaminate Difficult People At Work**<br>**Without Using Weapons or Duct Tape**<br><br>John Wiley and Sons<br>2007 | **HE SAYS SHE SAYS**<br>Closing the Communication Gap<br>Between the Sexes<br>Perigee, 1992<br><br>**THE COMPLETE IDIOT'S GUIDE**<br>**TO UNDERSTANDING MEN AND**<br>**WOMEN**<br>**Alpha Books Penguin Group 2000** |
| Women Take Care: Men Take Charge,<br>pp. 198 - 201 | HE SAYS SHE SAYS<br>pp. 219 - 221 |
| <u>What women need to do  in the business<br>world when working with men</u> | <u>What women need to do in the business<br>world when working with men</u> |
| <u>Do not minimize your  accomplishments<br>at work.</u> | 1. <u>Do not minimize your<br>accomplishments at work</u>. If you have<br>done something that you're proud of, do<br>not be afraid to express it. Men are<br>conditioned to proclaim they are the<br>"greatest" at certain things . Do not be<br>afraid to follow suit. |
| *Keep discussions focused* <u>on job-related<br>issues</u> *or* <u>news events</u>. | 2. Never *discuss* anything personal at<br>work. *Instead talk about* <u>job-related<br>issues, news events,</u> and even sports as<br>these are topics most men can relate to.<br>\*\*\* |
| <u>Lower the pitch of your voice.</u> | 7. <u>Lower the pitch of your voice</u> so that<br>you will sound like an intelligent,<br>professional woman. High-pitched voices<br>sound less credible and childlike.<br>\*\*\* |
| <u>Get to the point</u> and <u>include who, what,<br>when, where, and how.</u> | 9. <u>Get to the point</u> . Do not beat around<br>the bush. Your primary statement should<br><u>include "who," "what," "when,"<br>"where," and "how."</u>... |
| <u>Do not use tag endings, such as "isn't<br>it?"</u> or "right?" | 11. <u>Do not use "tag endings</u>," which<br>makes you seem unsure of yourself, <u>such<br>as</u>, "This is a difficult report, <u>isn't it</u>." |

| | |
|---|---|
| **Drop your tone down to make a declarative statement.** | 12. Do not answer a question with a question. If someone asks you the time, for example, don't use an upward inflection and say "It's two o'clock?" Rather, **drop your tone down to make a declarative statement.** |
| **Monitor your head-nodding and smiles**. | 26. **Monitor your head-nodding and smiles.** Try to keep them at a minimum during business interactions. If not, you may miscommunicate how you really feel about a situation. |
| **Do not apologize unless you are wrong** | 27. **Do not apologize unless you are wrong.** Stop saying I'm sorry" just to be polite. |
| | See also, The Complete Idiot's Guide to: UNDERSTANDING MEN AND WOMEN<br><br>"The Complete Idiots Reference Card"<br>**Communication Between the Sexes: Life in General. When Woman Talk to Men:**<br><br>1. *Be direct.* **Get to the point**.<br>2. *Talk about accomplishments*.<br><br>**Communication Between the Sexes: In the Boardroom. When Woman Talk to Men:**<br><br>2. Don't discuss personal life<br><br>3 . **Don't use "tag endings," such as "isn't it"**<br>***<br>5. **Don't apologize unless you are wrong**.<br>***<br>7. **Monitor smiles and head nods**.<br>8. **Get to the point.**<br>9. Speak louder and with confidence. |

| p. 200 | HE SAYS SHE SAYS<br>Pp. 223 - 224 |
|---|---|
| **What men need to do in the  business world when working  with women** | **What Men Need To Do in The Business World When Working with Women** |
| **Use more terms of politeness** *like* **"Please" and "Thank You"** | 3. **Use more terms of politeness** when speaking with women. Do not forget the key words **"Please" and "Thank you."** |
| **Do not  be afraid to ask for help - forget about your ego.** | 5. **Do not be afraid to ask for help.** The sooner you ask for assistance, the quicker you will receive it an accomplish what you have to do. **Forget about your ego.** |
| **Provide more facial and verbal feedback** | 7. **Provide more facial and verbal feedback** during conversation with women. |
| **Make more polite requests**  *instead of* **barking out commands**. | 4 . **Do not bark out commands** or orders when talking to women. Instead, **make more polite requests.** |
| **Control your temper and handle yourself in a professional manner.** | 6.  Do not yell or curse to release frustration at work. Instead **control your temper and handle yourself in a professional manner** |
| **Do not address women** *with condescending terms like* **honey, sweetheart, babe or dear**. | 8. **Do not address women** as  "honey," **"dear," "babe,"** "gal," "girl," or **"sweetheart"** - they may interpret these terms as chauvinistic and condescending |
| **Do not interrupt or monopolize conversations.** | 9. **Do not interrupt or monopolize conversations** or ever speak for a woman |
|  | See also, **The Complete Idiot's Guide to: UNDERSTANDING MEN AND WOMEN**<br><br>"The Complete Idiots Reference Card" before title page.<br>Communication Between the Sexes: In the Board Room: When Men Talk to Women:<br>2. **Don't interrupt**.<br>3. **Provide more verbal feedback.** |

| | 4. **Provide more facial feedback**.<br>5. *Don't issue commands or orders.*<br>\*\*\*<br>7. *Use terms of politeness always, such as "please."*<br>\*\*\*<br>9. **Control your** anger and **temper**. |
|---|---|

EXHIBIT B



...of the most important
...ators of dishonesty is change
...havior.  Pay attention to
...eone who is generally anxious,
...now looks calm. Or, someone
...is generally calm but now
...anxious.  The trick is to
...their behavior against
...you already know. Is a
...person befalling away
...how they would normally

TOXIC
PEOPLE

EXHIBIT C

Type of Work:        Text

Registration Number / Date:
                     TX0004095685 / 1995-06-02

Title:               Toxic people : 10 ways of dealing with people who make your
                        life miserable / Lillian Glass.

Imprint:             New York : Simon & Schuster,  c1995.

Description:         283 p.

Copyright Claimant:
                     Lillian Glass

Date of Creation:    1994

Date of Publication:
                     1995-04-11

Names:               Glass, Lillian

=============================================================================

Type of Work:       Text

Registration Number / Date:
                    TX0003405305 / 1992-09-17

Title:              He says, she says : closing the communication gap between
                       the sexes / Lillian Glass.

Description:        251 p.

Copyright Claimant:
                    Lillian Glass

Date of Creation:   1992

Date of Publication:
                    1992-07-17

Names:              Glass, Lillian

================================================================================

```
Type of Work:        Text

Registration Number / Date:
                     TX0005304562 / 2000-04-28

Title:               The Complete Idiot's Guide to understanding men and women /
                        by Lillian Glass.

Imprint:             Indianapolis : Alpha Books,  c2000.

Description:         288 p.

Copyright Claimant:
                     Lillian Glass

Date of Creation:    2000

Date of Publication:
                     2000-01-15

Copyright Note:      C.O. correspondence.

Names:               Glass, Lillian
```

================================================================================

```
Type of Work:        Text

Registration Number / Date:
                     TX0002982881 / 1991-01-18

Application Title: Talking etiquette.

Title:               Say it right / Lillian Glass.

Description:         240 p.

Copyright Claimant:
                     Lillian Glass

Date of Creation:    1990

Date of Publication:
                     1991-01-10

Names:               Glass, Lillian
```

====================================================================================

A. ERIC BJORGUM (SBN 198392)
KARISH & BJORGUM PC
510 W. 6th St., Suite 308
Los Angeles, CA 90014

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DR. LILLIAN GLASS | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV09-8570** MMM (SHx) |
| v. | |
| MARSHA PETRIE SUE; JOHN WILEY & SONS, INC.; SIX VOICES, LLC; and DOES 1 though 10, inclusive, DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): <u>MARSHA PETRIE SUE; JOHN WILEY & SONS, INC.; SIX VOICES; and DOES 1 - 10.</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>A. Eric Bjorgum</u>, whose address is <u>Karish & Bjorgum, PC, 510 W. 6th St., Suite 308, Los Angeles, CA 90014</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **2 0 NOV 2009**

By: **SHEA BOURGEOIS**
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

DR. LILLIAN GLASS

**DEFENDANTS**
MARSHA PETRIE SUE; JOHN WILEY & SONS, INC.; SIX VOICES.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

KARISH & BJORGUM, PC
510 W. 6th St., Suite 308, Los Angeles, CA  90013
(213) 785-8070

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT: $** According to proof; prelim. inj.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. Section 501, et seq (copyright infringement) and 15 U.S.C. Section 1125 (Lanham Act false designation of origin).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-8570

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Dr. Lillian Glass -- Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Marsha Petrie Sue -- Arizona |
| | John Wiley & Sons, Inc. -- New York |
| | Six Voices -- North Carolina or Michigan |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  Nov. 14, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |